## Alfred Shrimpton & Sons v. S. W. & E. T. Dunaway.

1. FRAUD AND CIRCUMVENTION—*A Question for the Jury.*—The question as to whether an order for goods was procured by fraud and circumvention is one to be determined by the jury upon the evidence.

2. FRAUD AND CIRCUMVENTION—*Contracts Founded Upon, Void.*—A suit can not be maintained upon a contract procured by fraud and circumvention.

3. CONTRACTS—*Omission to Read Before Signing—Fraud and Circumvention.*—The question as to whether a party is guilty of such negligence in not informing himself of the contents of an order for goods before signing it, as to preclude him from defense in a suit upon it, is one of fact to be determined by the jury.

4. CONTRACTS—*Parol Evidence.*—Parol evidence is not admissible to change or vary the terms of a written instrument, but it is admissible to show what the real contract of the parties was, and that an instrument evidencing another and different contract, was procured by fraud and circumvention.

**Memorandum.**—Assumpsit for goods sold, etc. Appeal from Justice's Court to County Court of Jackson County; the Hon. W. W. BARR, Judge,

Shrimpton & Sons v. Dunaway.

presiding. Trial by jury; verdict and judgment for defendant; plaintiffs appeal. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANTS' BRIEF, F. M. YOUNGBLOOD, ATTORNEY.

Did the written order as filled out by E. T. Dunaway and signed by him, when accepted by plaintiffs, constitute the contract between plaintiffs and defendants? I insist that it did; and when plaintiffs filled the order and shipped the goods, defendants were estopped thereby from showing by parol evidence that they ordered a less quantity of pins than mentioned in the order. Schultz v. Plankinton Bank, 40 Ill. App. 467; Towler v. Black, 136 Ill. 373; Memory v. Niepert, 131 Ill. 630; Leiter v. Pike, 127 Ill. 318; Gray v. Suspension, etc., Mfg. Co., 127 Ill. 196; Hair v. Johnson, 35 Ill. App. 564.

To vary or avoid such a writing all parol testimony of negotiation, or agreements, or of conversations between or declarations of the parties or either of them, whether before or after the completion of the contract, will be rejected. Graham v. Eiszner, 28 Ill. App. 274; Williams v. Fletcher, 30 Ill. App. 228; Covel v. Benjamin, 39 Ill. App. 299; Schneider v. Turner, 130 Ill. 37.

If a person enters into a contract with another, between whom and himself no relation of especial trust or confidence exists, and it is reduced to writing by such other person, and a means of the knowledge of the terms of the writing is equally open to both, and he signs it without reading or having it read by some one for him, he can not avoid a liability created by the writing, even if its terms differ from the contract as agreed on verbally. Hawkins v. Hawkins, 50 Cal. 558; Insurance Co. v. Hodgkins, 66 Me. 109; Keller v. Orr, 7 N. E. Rep. 195; Bank v. Steffes, 6. N. W. Rep. 267; McCormick v. Molburg, 43 Iowa, 561; Gulliher v. Railroad Co., 13 N. W. Rep. 432; Wallace v. Railroad Co., 25 N. W. Rep. 772; McKinney v. Herrick, 23 N. W. Rep. 767.

And so where a shipper accepted a bill of lading or re·ceipt from a carrier. Court of Appeals, in Insurance Co. v. Railroad Co., 72 N. Y. 90.

APPELLEES' BRIEF, WILLIAM A. SCHWARTZ, ATTORNEY.

If one of the parties to a contract had employed a by-stander to make the writing or had admitted its accuracy, it would be receivable in evidence against him as an admission; but such writing, although of great weight, would not be conclusive. 1 Benjamin on Sales, in Sec. 204.

The rule that parol evidence is not admissible to vary the terms of a written instrument is not infringed by the admission of parol evidence showing that the instrument is altogether void, or that it never had any legal existence or binding force, by reason of fraud, etc. 1 Greenleaf on Evidence, Sec. 284.

An instrument may be shown to be void and without legal existence or efficacy, as for want of consideration, or for fraud or duress, or any incapacity of the parties, or any illegality in the agreement. 2 Parsons on Contracts, 6th Ed., 554; Jamison v. Beaubien, 3 Scam. 114.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Suit was brought in justice's court by appellants against appellees upon the following written order:

"2–22, 1892.

Order No. 75, Salesman, Bertrand.

ALFRED SHRIMPTON & SONS, Limited, 1–612.

Pin Department, 273 Church street, New York City.

Please put up for us 2½ great gross papers of pins, 200 pins in a paper, with our advertisement printed at the head of each paper and between the rows in following sizes, at 2⅓ cents per paper. Terms net 30 days one per cent 10 days M. ½ C. S. ½ C., one row black. Please print our advertisement as shown in the space below." (Then follows advertisement.) "Please ship as soon as you can prepare the goods by the cheapest way. S. W. & E. T. Dunaway."

Defendants recovered judgment for costs, and an appeal

was taken by plaintiffs to the County Court where a trial was had with like result, and an appeal taken by the plaintiffs to this court.

In the printed argument for appellants it is said: "But one question is really presented by this record, and that is, did the written order, as filled out by E. T. Dunaway, constitute the contract between the plaintiffs and defendants?" And counsel then insist it did, and say, "When plaintiffs filled the order and shipped the goods, defendants were estopped thereby from showing by parol evidence, that they ordered a less quantity of pins than mentioned in the order." There is some conflict in the evidence as to whether the written order truly evidenced the contract between the parties, or was an instrument, the execution of which was procured by the fraud and circumvention of plaintiffs' agent, and set forth a different contract. If the jury chose to believe the testimony of Bertrand, appellants' agent, in preference to the testimony introduced on behalf of appellees, they could have found that E. T. Dunaway made the contract with said agent to buy of appellants two and a half great gross, or 4,320 papers of pins at two and one-third cents per paper, and filled out the blanks and signed the firm name to the order evidencing such contract, of his own volition, and without any suggestion or direction of said agent.

If, however, the jury believed the testimony of appellees and Hern, their clerk, in preference to that of Bertrand, they would be warranted in finding that S. W. Dunaway, the senior member of the firm, made the contract with appellants' said agent. That it was for the purchase of two and a half gross, or 360 papers of pins at two and one-third cents per paper. That Bertrand so understood it and agreed to it, and when the trade was closed, S. W. Dunaway was called away to wait on a customer and directed his son, E. T. Dunaway, who had just come in the store, to sign the contract. That Bertrand knew the order which, in accordance with the completed contract, was to be for 360 papers of pins, and no more, was the real contract the son was di-

rected to sign, and knew the son had not heard the contract made, and was not informed of the terms thereof, yet with this knowledge on the part of plaintiffs' agent the son, relying on the honesty of Bertrand, and under his direction, was fraudulently induced to, and did fill up blanks, and execute the order for 4,320 papers of pins, evidencing a contract which has never been made by the parties. This evidence would justify the finding that the execution of the order sued upon was procured by fraud and circumvention on the part of appellants' agent, and no suit based thereon can be maintained. It was the province of the jury to determine the weight and credibility of the testimony introduced on behalf of the parties respectively, and they evidently gave more credence and greater weight to the testimony of appellees and Hern, than to that of Bertrand, and found accordingly.

It is insisted on behalf of appellants, that parol evidence introduced to impeach the validity of the order sued upon, by showing the making thereof was procured by the fraud and circumvention of plaintiffs' agent, was improperly admitted, and that defendants were guilty of such negligence in not informing themselves of the contents of the order before signing, as to preclude them from defense in a suit upon it. Touching the last point it is enough to say that it is a question of fact whether defendants were guilty of such negligence, or whether the facts and circumstances proven by defendants furnished sufficient excuse for the omission to read the order before signing. The evidence justified the jury in finding that defendants were not guilty of negligence by reason of such omission. Munson v. Nichols, 62 Ill. 114; Livingston v. Strong, 111 Ill. 152.

We are of the opinion, also, the parol evidence was properly admitted to prove the real contract of the parties, and that the execution of the order evidencing another and different contract, was procured by the fraud and circumvention of plaintiffs' agent. This ruling does not contravene the rule that parol evidence is not admissible to change or vary the terms of a written contract, and is the law in this

State, as announced by our Supreme Court in repeated decisions, among which is Black v. Wabash, St. L. & P. Ry. Co., 111 Ill. 351, cited in appellees' brief. We desire to say also that it appears in evidence when the box of pins arrived at Carbondale, Dunaway immediately notified appellants that the amount of pins were not ordered, and were subject to their order, and receiving no reply, returned the pins within a reasonable time to appellants. The instructions given on behalf of defendants informed the jury correctly as to the law, and it was not error to give them. The same questions here presented were decided by this court in the case of Shrimpton & Sons v. Poole, 45 App. Ct. Rep. 649, and we adhere to our ruling in that case. The judgment is affirmed.